Gaston, J.
 

 We are called upon by this appeal to revise the decretal order, overruling certain exceptions taken by the defendant to the master’s report.
 

 Among the claims presented by the defendant, as the executor of Jesse Dupree, for disbursements on account of his testator’s estate, was a judgment rendered against him and paid off by him of $465 02f cents. The master refused to allow the whole amount of this claim, but credited the defenant on account thereof with the sum of $223. The material facts in relation to the subject matter of this exception are these. The defendant qualified as executor of the will of Jesse Dupree at November Term, 1822, of Halifax County Court. On the 21st of April, 1823 he accepted service of a writ returnable to May Term, 1823, brought against him as the executor of Dupree by James C. Fawcett and Eaton Turner, and at the May Term, 1823, he put in the pleas of general issue payment and set off; and there was a verdict and judgment
 
 at the same term
 
 for the plaintiffs for the sum of $465
 
 2½
 
 cents. The defendant himself, in the interval between that and the succeeding term, took out an execution returnable to August Term, 1823, on which was indorsed by the clerk of the court — “ Amount $465
 
 2i
 
 cents. Deduct $245 22 cents as set-offs allowed.” Upon this execution the defendant obtained, since this suit was brought, a receipt of Fawcett for the whole amount of $465
 
 21
 
 cents, as having been paid at August Term, 1823, and when examined before the master declared himself unable
 
 to
 
 say how much money he had in fact paid. Under these circumstances, we think the master very properly refused to credit the defendant for more than the
 
 balance
 
 indorsed to be collected on the execution. It is manifest that the parties to thifc proceeding had arranged among themselves what was truly due, and the writ, judgmeut and execution were intended to
 
 *356
 
 clothe this arrangement with the forms bl an adversary suit ^ence a verdict and judgment at the appearance term, and the execution delivered, not to the sheriff, but the defendant himself. We cannot doubt,'therefore, that the indorsement on the execution, of the amount of set-offs to be allowed, was a part of the same arrangement, and the balance was the sum truly due to Fawcett and Turner, and the sum actually paid by the defendant.
 

 The next exception is to the hire of the boy Hillman, with which the master has charged the defendant. The will of the defendant’s testator in relation to the boy Hillman has the following clause : “I also leave in the possession of my executor my slave Hillman to be disposed of as he may deem proper to remain with him till he arrives at eighteen years, at which time I hereby vest him with authority to sell him to the best advantage, and the money arising from such sale to be equally divided among my present grand-children.”— Hillman arrived at the age of 18 years in the fall of 1835, but was not sold until two years afterwards. The master charged the defendant with hire for Hilliam from 1828 until he was sold, and the defendant excepted because of the hire charged between 1828 and 1835, claiming that under the will he was entitled beneficially to the use of Hillman, until the boy reached the age of eighteen. His Honor allowed the exception to a very small part of this charge, so much as covered the time while the boy remained with the defendant, but overruled it as to the rest of the hire charged, be cause it was in proof that the defendant received hire for the boy. We are of opinion that this exception should have been sustained altogether, because, under the clause of the will already recited, the use of the boy until 18 was given to the defendant. This construction is not only justified by the words of the clause, (see
 
 Ralston
 
 v. Telfair, 2d Dev. Eq. Repts. 257, and
 
 Powell
 
 v.
 
 Powell’s
 
 Ex’rs, 2d Mur. 326,) but is strengthened by other considerations. If the benefit' cial interest in the slave until his attaining 18, be not given to the defendant, then in respect to that interest there is an intestacy, for no other disposion thereof is to be found in the will. Besides, there is a remarkable difference in the lam
 
 *357
 
 guage used in the clause in question, and in those, where it is plain that the executor was designed not to takethe use beneficially. ‘-I give to my grandson Thomas B. owning my negro Sam to him and his heirs forever to be himd out annually for
 
 his support and
 
 schooling'*as may seem most proper by my executor.” Again: “I give to my grand-daughter Ann B. Browning Sarah and Jim to be hired out annually
 
 for her support and schooling
 
 and as to my executor may seem advantageous.” It can scarcely be questioned we think, if the power of disposition, given to the executor over the boy Hillman until IS, was designed to be in trust for any person or persons, but that the testator would have used some words indicative of that intent.
 

 So much of the decree of the Superior Court as overrules this exception is erroneous and must be reversed. And the residue of the decree is affirmed. The costs of this court must be defrayed by the parties respectively.
 

 Per. Curiam, Decree accordingly.